■ In the Matter of MAJESTIC DANCELAND, INC., Appellant, v. BERNARD J. O'CONNELL, as Commissioner of Licenses of the City of New York, Respondent. In the Matter of NICMAR DANCELAND, INC., Appellant, v. BERNARD J. O'CONNELL, as Commissioner of Licenses of the City of New York, Respondent. — Orders, entered on December 17, 1964, denying the petitions of Majestic Danceland, Inc., and Nicmar Danceland, Inc., for orders vacating and annulling the determination of respondent Commissioner of Licenses to deny their applications for renewed public dance hall licenses, unanimously reversed, on the law, without costs or disbursements to either party, and the matters remanded in the exercise of discretion to the Commissioner for a new hearing and proof. The Commissioner's decision refers to past findings that Majestic and Nicmar had each on a single occasion permitted disorderly, obscene, and immoral conduct in their dance halls, in violation of section B32–306 of the New York City Administrative Code and the Rules and Regulations Governing Public Dance Halls adopted by the Police Commissioner in 1944 and continued in force by the Commissioner of Licenses in 1961. Permitting disorderly conduct on a single occasion is generally not sufficient evidence to support the Commissioner's determination in the absence of a showing that the management intentionally acquiesced in such conduct (*Matter of Stanwood United* v. *O'Connell*, 283 App. Div. 79, 82, affd. 306 N. Y. 749). There was no evidence of disorderly conduct at the Majestic and Nicmar dance halls at the hearing in the instant proceedings and in fact the Commissioner made no such findings as to Majestic and Nicmar. Instead, he found that through common ownership and control the several violations found against Laurel Operating Corporation were also chargeable against Majestic and Nicmar. Although there were family relationships between the three principals, the evidence was that Charles Piscitello was the sole owner of Laurel and that he had no interest in Majestic or Nicmar. Moreover, the Commissioner's complaint and final determination are predicated on the various charged acts of improper conduct, warranting suspensions or revocation under section B32–306.0 of the statute, rather than on failure to show that "applicant is a fit and proper person", as is required by subdivision d of section B32–297.0 for the issuance of a license. This being the case, the determination could only be supported by evidence of disorderly conduct within each of the licensed premises. Several affidavits showing disorderly conduct were submitted subsequent to the Commissioner's decision and therefore cannot be used to support it. At the new hearing the affiants should be called as witnesses, so that their testimony will be subject to cross-examination, and their entire testimony considered by the Commissioner in reaching a determination. Concur — Breitel, J. P., Rabin, McNally, Stevens and Bastow, JJ.